NICHOLAS LINKER, ESQ. (pro hac vice)
ZEMEL LAW LLC
660 Broadway
Paterson, NJ 07514
Tel: 862-227-3106
Email: nl@zemellawllc.com

ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH SMITH, <br><br> Plaintiff, <br><br> vs. <br><br> RADIUS GLOBAL SOLUTIONS, LLC, <br><br> Defendant. | Case No. 5:22-cv-2259-RGK-SP <br><br> **PLAINTIFF'S MEMORDANDUM IN SUPPORT OF HIS MOTION TO ALTER JUDGMENT** <br><br> Judge: Hon. R. Gary Klausner <br> Date:   November 13, 2023 <br> Time:  9:00 AM <br> Courtroom: 850 |

Plaintiff respectfully brings this Motion to Alter Judgment to amend the Court's Order dated September 25, 2023 [ECF 43]. Plaintiff does not seek to overturn the Court's decision that Plaintiff's claims lack standing. However, the decision is internally inconsistent in that the Court *dismissed* the federal claim under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), but *remanded* the claim under California's Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"). Because both claims could be pursued in state court and were originally brought there, both claims should have been remanded.

A Court may alter or amend a judgment "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent a manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

In this case, the motion is needed to correct a manifest error of law or fact and to prevent a manifest injustice. To be clear, Plaintiff is not arguing that the Court's decision regarding standing is incorrect, Plaintiff is only arguing that the Court made an error when dismissing the federal FDCPA claim instead of remanding the claim. In opposing summary judgment, Plaintiff argued that if the

Plaintiff's Memorandum in support of his Motion to Alter Judgment

Court found that Plaintiff lacked Article III standing, the case should be remanded because Plaintiff originally filed the case in state court, and Defendant was the party who asserted federal jurisdiction (only to change its mind later). The Court seemingly agreed, finding that "Plaintiff contends that if the Court finds he lacks standing for *his federal claim*, the claim should be remanded, rather than dismissed. The Court agrees." [ECF 43], p. 5 (emphasis added). The problem is that it dismissed the federal claim and only remanded the state claim. This was either an error in law or a mistake by the Court which should be redressed.

The statute governing remand of actions that were removed under 28 U.S.C. § 1441 is 28 U.S.C. § 1447(c). *General Teamsters Local No. 174 v. Safeway, Inc.*, 2007 U.S. Dist. LEXIS 106391, at *6 (W.D. Wash. Oct. 30, 2007). The language of 28 U.S.C. § 1447(c) is explicitly clear: if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded (emphasis added). "[W]hen a court finds that a plaintiff lacks Article III standing, it must remand the entire action, 'where the requirements of Article III plainly will not apply.'" *Cal. Advocates for Nursing Home Reform, Inc. v. Chapman*, 2014 U.S. Dist. LEXIS 752723, at *14 (N.D. Cal. 2014) (*citing Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 78 n. 4, 111 S. Ct. 1700, 114 L. Ed. 2d 134 (1991), *superseded by statute on unrelated grounds*); *see also Maine Ass'n of Interdependent Neighborhoods v.*

*Commissioner, Maine Dep't of Human Servs.*, 876 F.2d 1051 (1st Cir. 1989); *Langford v. Gates*, 610 F. Supp. 120, 122-23 (C.D. Cal. 1985) (lack of standing is a jurisdictional defect, and "the proper course is remand" under § 1447(c), "not dismissal").

The Ninth Circuit has expressly held that "section 1447(c) means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003), *amended by* 350 F.3d 916 (2003). In other words, "a finding that removal was improper deprive the Court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c)." *Int'l Primate Prot. League*, 500 U.S. at 87.

Accordingly, by binding authority, this Court is "obliged" to remand the case if it finds a lack of Article III jurisdiction and that removal was improper. As the Court found no standing here, it was obligated to remand under 28 U.S.C. § 1447(c). Inexplicably, the Court also *agreed* with Plaintiff that the claim should be remanded, but did so only for the state claim. Thus, the Court's order dismissing the claims is a clear error of law and the dichotomy in the judgment must be remedied. If the Court is worried that Defendant would try to remove the case again, that should not be a concern. Defendant could not do so because it is clear (under the law of the case) that the federal courts lack "original jurisdiction" over

the action. *See Maine Ass'n*, 876 F.2d at 1054 ("the Maine Commissioner would not be able to remove it again.").

The failure to remand also is a manifest injustice to Plaintiff. By only remanding one of the two claims, the Court is effectively reducing Plaintiff's recovery in half, without any statutory basis. The prospect of reducing potential recovery by 50% solely on the Court's actions is a manifest injustice.

For these, reasons, the Court should amend the judgment to remand the federal claim as well as the state claim. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 9, 2023. Dated this 16th of October, 2023

Respectfully Submitted,

Nicholas Linker, Esq. (pro hac vice)
Zemel Law LLC
660 Broadway
Paterson, NJ 07514
T:862-227-3106
NL@zemellawllc.com

/s/ Robert Sibilia
ROBERT SIBILIA S.B.N. 126979
Oceanside Law Center
P.O. Box 861
Oceanside, CA 92049
Tel: (760) 666-1151
Fax: (818) 698-0300
Email: robert@oceansidelawcenter.com
Attorneys for Plaintiff

Plaintiff's Memorandum in support of his Motion to Alter Judgment

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2023, the foregoing document was served on all parties via the Court's e-filing system.

/s/ Robert Sibilia
ROBERT SIBILIA

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains approximately 879 words, which complies with the word limit of L.R. 11-6.1.

/s/ Robert Sibilia
ROBERT SIBILIA